Howell, J.
The plaintiffs, having judgment against the defendants, caused a certain United States patent to be seized and sold by the sheriff. It was adjudicated to M. S. Bringier, tbe original patentee, who paid the price to tbe sheriff and claimed the same by third opposition, by virtue of his alleged vendor’s privilege. From a judgment in his favor the plaintiffs have appealed..
It is shown by tbe evidence that tbe third opponent transferred to tbe defendant company the patent in question, for and in consideration of three thousand three hundred and thirty-three shares of the stock of the company, and that ho appeared on the books of tbe company and in the charter, as tbe owner of said stock. Tlie clause in tbe charter that the full paid stock (of which opponent’s was part) should not be issued to tbe stockholders until all tbe ordinary stock should *119 be taken, did not make the third opponent any the less the owner of his shares. He was recognized as. the owner thereof, and so was his right to dispose of a part as he did, the transfer to be completed at the proper time. Considering his transaction as a sale, we think he received the price, and hence lie has no privilege as vendor. As an exchange, he clearly has not a vendor’s privilege.
It is therefore ordered that the judgment appealed from be reversed, and that the demand of third opponent be dismissed, with costs.